UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| WILLIS DAVIS,<br><br>               Petitioner,<br><br>     v.<br><br>CORRECTIONAL HEALTH CARE<br>SERVICES, et al.,<br><br>               Respondents. | Case No.  22-cv-03394-JD<br><br>**ORDER RE DISMISSAL**<br>Re: Dkt. No. 2 |

Petitioner, a state prisoner, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  A review of the petition indicates that petitioner seeks relief under 42 U.S.C. § 1983.

## DISCUSSION

**STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  In its review, the Court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.  *Id.* at 1915A(b)(1),(2).  Pro se pleadings must be liberally construed.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  Although a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a

cause of action will not do. . . .   Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570.  The United States Supreme Court has explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the alleged deprivation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

**LEGAL CLAIMS**

Petitioner suffers from scoliosis and alleges that prison officials denied him a lower bunk. "'Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. § 1979, as amended, 42 U.S.C. § 1983.  Challenges to the lawfulness of confinement or to particulars affecting its duration are the province of habeas corpus.'" *Hill v. McDonough*, 547 U.S. 573, 579 (2006) (quoting *Muhammad v. Close*, 540 U.S. 749, 750 (2004)).  "An inmate's challenge to the circumstances of his confinement, however, may be brought under § 1983." *Id*.

Habeas is the "exclusive remedy" for the prisoner who seeks "'immediate or speedier release'" from confinement.  *Skinner v. Switzer*, 562 U.S. 521, 533-34 (2011) (quoting *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005)); *see Calderon v. Ashmus*, 523 U.S. 740, 747 (1998); *Edwards v. Balisok*, 520 U.S. 641, 648 (1997); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).  "Where the prisoner's claim would not 'necessarily spell speedier release,' however, suit may be brought under § 1983.'" *Skinner*, 562 U.S. at 533-34 (quoting *Wilkinson*, 544 U.S. at 82).

Petitioner seeks relief for his medical condition and the denial of a lower bunk.  This action does not seek a speedier release from custody, and so is not properly brought in a habeas petition. The petition was previously dismissed with leave to amend for petitioner to file a civil rights

action.  Petitioner has filed a civil rights complaint.

Curt records indicate that plaintiff has filed a civil rights action with these same claims. *See Davis v. Correctional Health Care Services*, Case No. 22-cv-3414 CRB.  The original complaint was dismissed with leave to amend, and plaintiff needs to file an amended complaint in that case.  Plaintiff should include all his claims in an amended complaint in *Davis v. Correctional Health Care Services*, Case No. 22-cv-3414 CRB.  This habeas case is dismissed.

**CONCLUSION**

This habeas action is **DISMISSED** and the motion to proceed in forma pauperis (Dkt. No. 2) is **DENIED**.  Plaintiff should proceed with all his claims in the other civil rights action in this Court.  A Certificate of Appealability is **DENIED**.  The Clerk is requested to **CLOSE** this case.

**IT IS SO ORDERED.**

Dated: November 14, 2022

_____
JAMES DONATO
United States District Judge